UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADLEY PODLISKA,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. HOUSE OF REPRESENTATIVES SELECT COMMITTEE ON THE EVENTS SURROUNDING THE 2012 TERRORIST ATTACK IN BENGHAZI, et al.,<br><br>*Defendants*. | Civil Action No. 15-2037 (RDM) |

**ORDER**

Plaintiff Bradley Podliska filed his original complaint in this case against the U.S. House of Representatives Select Committee on the Events Surrounding the 2012 Terrorist Attack in Benghazi ("Committee") and its chairman, Congressman Trey Gowdy, on November 23, 2015. Dkt. 1. The first three counts alleged claims against the Committee, while the fourth and fifth counts alleged claims solely against Chairman Gowdy. *Id.* 18–29.

The Committee moved to dismiss the first two counts on February 5, 2016. *See* Dkt. 22. In addition, the Committee apparently obtained Plaintiff's commitment to dismiss voluntarily the third count. *See* Dkt. 22 at 1–2 n.2. Chairman Gowdy moved to dismiss the fourth and fifth counts—the only two against him—the same day. Dkt. 23. Instead of filing a substantive opposition to the motions to dismiss, however, Plaintiff filed an amended complaint on February 20, 2016, *see* Dkt. 26, as was his right under Federal Rule of Civil Procedure 15(a). The amended complaint made relatively minor changes from the original version, aside from taking the significant step of voluntarily dismissing the third count. *Id.* A day after filing his amended

complaint, Plaintiff filed an opposition to Defendants' motions to dismiss, arguing only that they were moot because his amended complaint superseded the complaint they sought to dismiss. *See* Dkt. 27.

The day after Plaintiff filed his opposition, Chairman Gowdy filed a reply observing that he could stand by his original motion to dismiss because the changes in the amended complaint did not cure the alleged defects in the original, but explaining that he would nonetheless promptly file a motion to dismiss the amended complaint "in the interests of aiding the Court's complete and timely resolution of the claims against him." Dkt. 28 at 2. He followed through the next day with a new motion to dismiss. *See* Dkt. 29.

The Committee took a different approach. Like Chairman Gowdy, the Committee argued that its motion to dismiss was not mooted by an amended complaint that made only minor changes. Dkt. 31 at 3 (citing 6 Wright, Miller & Kane, Federal Practice & Procedure § 1476 (3d ed. 2010, 2012 Supp.) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.")). Because Plaintiff had failed in his opposition to address the substantive arguments in the Committee's motion to dismiss, the Committee argued that the Court should treat those arguments as conceded. Dkt. 31 at 2. Subsequently, the Committee filed a further motion requesting that the Court stay any obligation to respond to the amended complaint pending resolution of its previously filed motion to dismiss. Dkt. 32. It further proposed a briefing schedule should the Court deny the Committee's initial motion to dismiss. *Id.*

Thus, as things currently stand, one Defendant has treated the amended complaint as the operative one, while the other Defendant continues to treat the first complaint as operative. As Chairman Gowdy observes, the primary interest at this early stage in the litigation is in

"complete and timely resolution" of the issues raised.  Dkt. 28 at 2.  In order to clarify the state of the pleadings and to allow the parties and the Court to focus on substantive issues raised, the Court **ORDERS** as follows:

(1) The initial complaint, Dkt. 1, is superseded by the amended complaint, Dkt. 26, which shall be treated as Plaintiff's operative pleading.

(2) The Committee shall respond to the amended complaint on or before March 11, 2016.

(3) Plaintiff shall file a combined opposition to Chairman Gowdy's new motion to dismiss, Dkt. 29, and the Committee's forthcoming motion to dismiss on or before March 25, 2016.

(4) The Defendants may file reply briefs, if any, on or before April 8, 2016.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  February 26, 2016